BOLÍVAR *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar of Property
of Caguas.

No. 13.—Decided June 27, 1907.

FORECLOSURE OF MORTGAGES—SALE OF MORTGAGED PROPERTY.—The summary foreclosure proceedings established by the Mortgage Law for the recovery of mortgage credits must follow the provisions of the Act of March 9, 1905, relating to judgments and the manner of satisfying the same, in respect to the proceedings subsequent to the execution of the order directing the sale of the mortgaged properties at public auction for failure to pay within the 30 days provided therefor.

The facts are stated in the opinion.

*Mr. Texidor* for appellant.

Mr. Chief Justice Quiñones delivered the opinion of the court.

This is an appeal taken by Attorney Jacinto Texidor on behalf of Gorgonio Bolívar from a decision of the Registrar of Property of Caguas refusing the admission to record of a deed of sale.

Gorgonio de Bolívar y Alvarez having instituted summary execution proceedings in the District Court of Humacao against the widow and Estate of Jaime Vila y Canals, for the recovery of a mortgage credit amounting to $12,000, interest and costs, on a rural estate of 196 *cuerdas* of land situated in the *barrio* of Hato in the municipal district of Hato Grande, now San Lorenzo, the court directed the marshal to make demand on the defendant estate to pay within the period of 30 days the principal sum claimed, with accrued interest and the costs incurred, with the warning that if payment were not made within the said period the mortgaged property would be sold at auction; and the marshal having served the notice and the 30 days having expired without payment having been made by the debtors, the court ordered the mortgaged estate to be sold at public auction. The marshal proceeded to execute this order, fixing a day for the sale which was attended by a number of bidders, and the bid made by Attorney Jacinto Texidor on behalf of the execution creditor, Gorgonio Bolívar, for the sum of $11,000 being considered the best offer, the estate was awarded to him for the sum offered on account of his mortgage, and the marshal executed in his favor the proper deed of sale before Notary Antonio D. Aldrey y Montoliu, on December 18, 1906, the deed being accepted on behalf of the purchaser, Gorgonio Bolívar, by Gil Martínez who acted under a power of attorney given him by Pedro Bolívar y Alvarez, who held a similar power from his brother, Gorgonio, in accordance with an instrument exe-

cuted before Notary Hermínio Díaz Navarro on November 15, 1904, with express powers to purchase and sell property of all kinds, and to appoint substitutes, which he did on December 14, 1906, in favor of Gil Martínez, by instrument executed in this city of San Juan before Salvador Suau Carbonell, an attorney and notary of the same, in view of a copy of said power of attorney, which substitution is set forth at the end of said deed of sale.

Upon presentation of the deed for record in the Registry of Property of Caguas the registrar refused to record it on the grounds set forth in the decision which he placed at the foot of said document, which decision reads as follows:

"The record of the foregoing document is refused because the estate awarded having been appraised and any new appraisals having been waived for the purposes of the payment of the mortgage under which it was sold at the sum of 30,000 provincial *pesos,* in violation of the procedure prescribed and determined in the Mortgage Law in force, said estate was awarded at the first sale less than two-thirds of the said appraised value and consequently without covering the preferred credits to which the said estate was subject, and in lieu of such record a cautionary notice is entered effective for 120 days, at folio 81 of volume 15 of the municipality of San Lorenzo, estate No. 606, duplicate, record letter G, with the further curable defect that the capacity of Gil Martínez Achalandabaso as the attorney in fact of Gorgonio de Bolívar and his wife, Angela Daubon, has not been duly established. Caguas, May 31, 1907."

Attorney Jacinto Texidor took an appeal in due time from said decision on behalf of Gorgonio Bolívar seeking the reversal thereof and the issuance of an order to the registrar to record the deed.

The summary execution proceedings established by the Mortgage Law and the Regulations for its execution for the recovery of mortgage credits have been materially amended by the Act of the Legislative Assembly of this Island of March 9, 1905, "relating to judgments and the manner of

satisfying them" as to the subsequent proceedings for the execution of the order directing the sale at public auction of the property mortgaged on account of nonpayment by the debtor within the 30 days granted him for the purpose, as this Supreme Court has held in its opinion of February 8, 1906, in the case of *Emilia Jiménez and Felicia Garriga y Brenes* v. *Julio Brenes y Aponte.*

Neither does the deed contain the curable defect alleged by the Registrar of Property of Caguas, inasmuch as said document contains the substitution of the power of attorney in favor of Gil Martínez of that conferred by Gorgonio de Bolívar y Alvarez on his brother, Pedro de Bolívar y Alvarez, with the power, among others, to acquire or alienate real property, annuities, rights, credits, or other property, under the terms and stipulations which he, might consider proper, and to execute the necessary deeds, which power of attorney was delegated by the attorney in fact, Pedro, availing himself of the power of substitution therein conferred, to Gil Martínez, for which reason the deed shows the capacity of the latter to accept the deed of sale in question in the name of Gorgonio Bolívar.

In view of the legal provisions and the decisions of this court cited herein the decision of the Registrar of Property of Caguas appearing at the end of the deed in question in this appeal is reversed, and it is ordered that it be returned to him together with a copy of this decision in order that he may record said deed in accordance with the law, and for other proper purposes.

*Reversed.*

Justices Hernández, Figueras and Wolf concurred.
Mr. Justice MacLeary dissented.